In the Matter of PENN CENTRAL TRANSPORTATION CO., Debtor.

In re Petition of Harriet SIGNER.

No. 70–347.

United States District Court,
E. D. Pennsylvania.

Oct. 26, 1972.

[black bar]

Covington & Burling by W. Crosby Roper, Jr., Washington, D. C., for the trustees, Penn Central Transportation Co.

Davis, Polk & Wardwell by Douglas M. Galin and John R. Leekley, New York City, for Morgan Guaranty Trust Co.

Obermayer, Rebmann, Maxwell & Hippel by Herbert A. Fogel, Philadelphia, Pa., for Harriet Signer.

Fox, Rothschild, O'Brien & Frankel by Nochem S. Winnet, Philadelphia, Pa., for First National City Bank of New York.

Gratz, Tate, Spiegel, Ervin & Ruthrauff by Wilbur Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, trustee, New York, New Haven & Hartford Railroad Co.

## OPINION AND ORDER NO. 988

FULLAM, District Judge.

Two related petitions by one Harriet Signer, a holder of bonds issued by the Debtor, secured by the R&I mortgage, evidence a certain amount of confusion as to the applicability of the Federal Rules of Civil Procedure to a railroad reorganization proceeding under § 77 of the Bankruptcy Act.

The first petition (Document No. 1975) seeks an order for the sequestration of certain rents, in order to pay mortgage bond interest, real estate taxes and other charges. This petition purports to be a class action under Rule 23 of the Rules of Civil Procedure, and alleges that it is brought by the petitioner.

"   .   .   .   on her own behalf and on behalf of all other holders of Series A and Series C debentures   .   .   . similarly situated. The holders of the aforesaid debentures, on information and belief, number some thousands and it is, therefore, impractical to bring all of them before the court. The questions of law and fact involved herein are common to the entire class, the claim of petitioner is typical of the claims of the entire class, and petitioner will fairly and adequately protect the interest of the entire class of persons holding the aforesaid debentures." (Petition, paragraph 3.)

The petition contains further allegations to the effect that petitioner requested the Morgan Guaranty Trust Company, indenture trustee of the R&I mortgage, to bring legal action to obtain sequestration of the rents, but that the indenture trustee had failed and refused so to act.

Thereafter, petitioner filed a motion seeking to compel the joinder of Morgan Guaranty "as an involuntary party plaintiff" (Document No. 2548), apparently seeking to compel Morgan Guaranty to join in the earlier petition, which the petitioner persisted in treating as if it were a separate plenary suit.

The merits of both of these petitions has effectively been decided. Morgan Guaranty later filed its own petition for sequestration of rents, hearings were held at which both Morgan Guaranty and Harriet Signer appeared through counsel and presented their views, and, as set forth in Opinion and Order No. 974, 354 F.Supp. 717, sequestration of rents has been denied. However, it remains for the Court to enter an order formally disposing of the separate Signer petition, which, in a supplemental memorandum filed October 16, 1972, is referred to as if it were a class action on behalf of a limited class of eight bondholders (not otherwise identified), and, perhaps, as some sort of an application for some kind of intervention.

It is apparent that, on the present record, both of the Signer petitions must be regarded as having been filed on behalf of the petitioner as an individual, and not otherwise. Rule 81(a)(1) of the Federal Rules of Civil Procedure provides that the Federal Rules are not applicable to bankruptcy proceedings except as specifically ordered by the Su-

preme Court. General Order No. 49(2) of the General Orders in Bankruptcy provides that the General Orders in Bankruptcy apply to railroad reorganization proceedings "in so far as they are not inconsistent with § 77" (with certain exceptions not presently pertinent). General Order No. 37 provides:

"In proceedings under the Act, the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be. But the Court may shorten the limitations of time prescribed so as to expedite hearings, and may otherwise modify the rules for the preparation or hearing of any particular proceeding."

■ It is unnecessary to decide the broad question of whether Fed.R.Civ. Proc. 23, governing class actions, has any application at all to railroad reorganization procedings. Since § 77(p) of the Bankruptcy Act contains lengthy and detailed provisions governing the extent to which one person may act on behalf of others in reorganization proceedings (generally, not without the express approval and authorization of the Interstate Commerce Commission, except in the case of unsolicited groups not more than 25 in number), and since it is clear that these provisions are squarely inconsistent with this petitioner's original attempt to act on behalf of a class consisting of thousands of bondholders, the conclusion is inescapable that, at the very least, Rule 23 cannot be applied in this reorganization proceeding to the extent originally sought by the petitioner.

■ There has been no formal amendment of the Signer petition. Nevertheless, statements made at oral argument, and in the supplemental memorandum recently filed, suggest that the petitioner now seeks to act on behalf of a group of only eight bondholders. Rule 23 cannot be applied to justify this approach either, since the "class" is not identified, is not shown to have common interests which would set this group apart from the other thousands of bondholders, and,

in any event, is not so numerous that joinder would be impracticable. Moreover, it would seem that the indenture trustee is the appropriate representative.

■ For all of these reasons, Rule 23 may be disregarded. What remains, then, is a petition by a single bondholder owning some $45,000 worth of bonds (or, perhaps, a petition, within the limitations set forth in § 77(p) of the Bankruptcy Act, on behalf of a group of eight bondholders with combined holdings of $740,000), out of a total issue in excess of $250 million. It is clear that the petitioner, whether acting for herself or for the group of eight bondholders, lacks standing to require general intervention.

Whether the petitioner had a right to be heard is now moot, since she was in fact accorded that right. For the reasons set forth in Opinion and Order No. 974, 354 F.Supp. 717, an order will be entered denying the petition for sequestration. The petition for compulsory joinder of Morgan Guaranty will be dismissed as moot. And, for the reasons set forth above, petitioner's informal request for leave to intervene in these proceedings will be denied.