**BEAVER ASSOCIATES, a limited partnership, Plaintiffs,**

v.

**Herbert S. CANNON et al., Defendants.**

**No. 70 Civ. 5649.**

United States District Court,
S. D. New York.

May 9, 1973.

Lipper, Keeley, Lowey & Dannenberg, New York City, for plaintiffs, by Stephen Lowey, New York City, of counsel.

Carro, Spanbock & Londin, New York City, for defendants Stoeckert and Shemtob, by Reginald Leo Duff, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

This is a motion by plaintiff to voluntarily dismiss its complaint herein without costs but with prejudice to plaintiff. Fed.R.Civ.P. 41(a)(2). Defendants do not oppose this motion.

This action was commenced on December 22, 1970 as a purported class action

by a stockholder on behalf of designated stockholders of Diversified Data Services and Sciences, Inc. (hereinafter "Diversified"). The complaint sought to enjoin and restrain the consummation of a proposed merger between Diversified and Nytronics, Inc., to set aside approval of the merger by stockholders of Diversified, and to recover damages for Diversified stockholders resulting from alleged violations of Sections 10(b) and 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j, 78n, in relation to the merger on the part of certain of the defendants. The complaint additionally alleged a derivative claim for damages on behalf of Diversified and against certain individual defendants. The merger between Diversified and Nytronics was consummated after an injunction against it was issued by the state court and then vacated; Diversified was merged out of existence on December 29, 1970.

■ ■ After issue has been joined, a motion by the plaintiff for a voluntary dismissal of a suit, Fed.R.Civ.P. 41(a) (2), calls for the exercise of judicial discretion to avoid an unfair effect on anyone else incident upon such a termination of the suit. The fact that the suit will be dismissed with prejudice to the plaintiff is not the only consideration before the Court; the possible effect on others must be considered. Hudson Engineering Co. v. Bingham Pump Co., 298 F.Supp. 387, 388 (S.D.N.Y.1969); see 9 Wright & Miller, Federal Practice and Procedure § 2364 (1971).

■ As a general rule, a class or a derivative action may not be dismissed voluntarily without notice of the proposed dismissal to members of the class or shareholders in such manner as the Court directs. Fed.R.Civ.P. 23(e) and 23.1.

It has not been established herein that this suit is and may be maintained as a class suit. Neither party has heretofore applied for a ruling either pro or con. The procedure therefor is set out in the Civil Rules of this Court, Rule 11A for Class Actions.

■ Since the status of the purported class as such has never been approved by the Court upon the request of any party, it is necessary at this first appropriate occasion to review the class allegations and to determine whether plaintiff might properly prosecute this suit in a representative capacity. Fed.R.Civ.P. 23(c) (1); see Jeffery v. Malcolm, 353 F. Supp. 395, 396–397 (S.D.N.Y.1973); 7A Wright & Miller, Federal Practice and Procedure § 1785 (1972).

■ The Court finds that plaintiff has failed to demonstrate that it would fairly and adequately represent the class interest or that it has heretofore diligently undertaken to do so. Indeed the proferred explanations for the plaintiff's failure to proceed under a class concept is stated:

> [P]laintiff sold at a slight profit 300 shares of the 400 it owned at the time of the commencement of this action. (Plaintiff still retains 100 shares and has an unrealized loss on said shares exceeding his profit on the shares sold). . . .
>
> Principally because of the simultaneous maintenance of the State Court action, the post-complaint evaporation of damages and "typicality" problems, plaintiff has not sought an adjudication under Rule 23 F.R.Civ.Proc. that the action should be maintained as a class action.

Accordingly, the Court disapproves of the use of this action as a class claim and the class allegations are hereby stricken. Fed.R.Civ.P. 23(a) and (c). It follows that since the claims asserted herein can appropriately be viewed only as individual, rather than representative, claims, the notice provisions cited above do not apply. See Polakoff v. Delaware Steeplechase and Race Ass'n., 264 F.Supp. 915 (D.Del.1966); Berger v. Purolator Products, Inc., 41 F.R.D. 542 (S.D.N.Y. 1966); Haudek, The Settlement and

Dismissal of Stockholders' Actions—Part I, 22 S.W.L.J. 767, 780 (1968). The dismissal to be granted herein will have no effect on those heretofore designated by plaintiff as members of the asserted class.

There is however a derivative claim asserted in the complaint. With regard to dismissal of derivative suits, the Court of Appeals for this Circuit recently stated:

> To discourage the plaintiff from sacrificing the corporate cause of action to further his own self interest, notice to nonparty stockholders of proposed dismissals is required in a variety of situations. Where notice is a prerequisite to a dismissal of a derivative action, a judgment of dismissal will not be accorded *res judicata* effect unless such notice was given. Winkelman v. General Motors Corp., 39 F.Supp. 826, 831 (S.D.N.Y.1940) . . . In general, notice of a proposed dismissal of a derivative suit must be given to nonparty stockholders when the corporate claim has not been adjudicated upon the merits. Fed.R.Civ.P. 23.1. Rule 23.1 provides in relevant part that a stockholder's derivative action "shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such a manner as the court directs." *The notice requirements of Rule 23.1 have been construed to apply to more than just dismissals of derivative suits following settlements. It is clear, for example, that voluntary dismissals under Fed.R.Civ.P. 41(a) (1) are within the scope of the notice requirements of Rule 23.1.* Papilsky v. Berndt, 466 F.2d 251, 257 (2d Cir.), cert. denied, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972), noted,

5 Conn.L.Rev. 306 (1972) (Emphasis supplied).

Counsel for plaintiff has indicated on this motion that in structuring the complaint he included the derivative claim as one part of a single suit against the defendants and that, in fact, the derivative claim was of secondary importance. He contends that if the class allegations are stricken, the derivative claim should be dismissable without the need for notice. Any other result, he argues would allow the suit to have a possible indirect result on at least some members of the nonapproved class.

■■ The Court agrees that where a suit containing both purported class and derivative claims is brought by a plaintiff who is found by the Court to be neither a suitable class representative nor to assert a cognizable class claim, dismissal of the derivative claim by order of the Court should be possible without the expense of Rule 23.1 notice, *if* no benefit is lost to the corporation and no trace of collusion is perceived. However, if such dismissal may sacrifice an advantage to the corporation or may be predicated upon a private agreement between the parties, the protections of Rule 23.1 notice must be safeguarded[1]; in this event the plaintiff, although an unwilling litigant, must be kept in the suit as the fiduciary for the corporate interest until other shareholders have the opportunity to secure the advantage to the corporation by continuing the litigation or at least to determine whether the corporate interest so requires.

Even though there are suits presently pending both in this Court and, according to the parties, in the New York State Supreme Court, which assert derivative claims "similar" to that presented herein,[2] these other actions are being challenged on procedural grounds which the defendants may not successfully raise in

---

1. The Court finds no evidence of collusion or impropriety herein.

2. Gelband v. Rosenbloom, S.D.N.Y. 71 Civ. 112; MFT Investment v. Diversified Data Services and Sciences, No. 21539/1970, N.Y.Sup.Ct., N.Y.Cy.

**512**

the instant action. Motions to dismiss are pending in these other suits, which may result in dismissal of those suits without a consideration of the merits. Accordingly, any dismissal of the complaint herein at this time might result in the loss to the corporation of its only forum for considering the merits, if any, of the asserted derivative claim. In view of this possibility, notice to shareholders at this time cannot be avoided if the action is to be dismissed under Fed. R.Civ.P. 41(a)(2). See Fed.R.Civ.P. 23.1.

■ Accordingly, the complaint, with the exception of the derivative claim, is dismissed with prejudice as to the plaintiff. Fed.R.Civ.P. 41(a)(2). This dismissal is to have no binding effect on the members of the purported class. The derivative claim contained in Count IV will continue to be carried on this Court's docket to be tried on the merits or until proper notice of discontinuance, to be approved by the Court, is extended to shareholders, Fed.R.Civ.P. 23.1, or until a renewed motion for dismissal is made by the plaintiff, Fed.R.Civ.P. 41(a) (2), following a determination of the pending motions in the companion cases.

So ordered.