Norman **NESENOFF** and Goldie G. Nesenoff on behalf of themselves and others similarly situated, Plaintiffs,

v.

Olof **MUTEN** et al., Defendants.

No. 74–C–130.

United States District Court,
E. D. New York.

Nov. 15, 1974.

Persky & Jarblum, New York City, for Nesenoff.

Altman & Mickelson, Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City, for Muten.

DECISION AND ORDER

TRAVIA, District Judge.

The plaintiffs instituted the instant action on behalf of themselves and all the holders of Digiac Corporation common stock who are not affiliates of Olof Muten, Fabri-Tek, Inc. or FTI Iterim Corp. The plaintiffs' complaint sets forth three causes of action. Firstly, the plaintiffs allege that the defendants' failure to disclose the real reasons for the Digiac Board of Directors' approval of the Merger Agreement, pursuant to which Digiac was to be merged into FTI Interim Corp.,[1] constitutes a violation of Section 17 of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) of the General Rules and Regulations promulgated thereunder. Secondly, the plaintiffs aver that the defendants' acts, practices, transactions and course of business constitute a violation of the defendants' fiduciary duties and obligations owed as officers, directors and majority stockholders of Digiac. Thirdly, the plaintiffs maintain that the defendant Muten should be directed to account and pay over to the plaintiffs and their class any and all profits which he may derive from the merger of Digiac into FTI Interim Corp.

At this point in the case at bar, there are two motions before the court. The plaintiffs have moved for an order determining that the instant suit be maintained as a class action under Rule 23, Fed.R.Civ.P. Concomitantly, the plain-

1. FTI Interim Corp. is a wholly owned subsidiary of Fabri-Tek, Inc.

tiffs, by way of order to show cause, seek an order:

(1) Restraining the defendants, their agents, servants and counsel from purchasing or attempting to purchase the securities or any interest in the securities of Fabri-Tek, Inc., owned beneficially or of record by persons belonging to the membership of the proposed class herein in violation of Section 17 of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5), or Rule 23(e), Fed.R. Civ.P.;

(2) determining that any purchases from members of the proposed class consummated between the institution of this action and the date of the determination of this motion be declared null and void insofar as they may affect a class determination herein;

(3) requiring the defendants to supply forthwith to the plaintiffs the names and addresses of all members of the proposed class; and

(4) setting forth guidelines for all settlement of claims of members of plaintiffs' class by defendants.

The thrust of the plaintiffs' argument in support of its order to show cause is that the defendant Muten's offer to purchase the contingent right to receive the common stock of Fabri-Tek, Inc.[2] violates the Securities Act of 1933, the Securities Exchange Act of 1934 and Rule 10(b)(5) in that the offer failed to state that the real reason for the defendant's purchase of the stock was to defeat the plaintiffs' class action motion. In addition, the plaintiffs contend that the defendant's offer violates Rule 23(e), Fed.R.Civ.P. as the offer constitutes an attempt to settle or compromise the plaintiffs' class action allegations without court approval.

■ The plaintiffs' position with respect to violations of the various securities laws is without merit. The defendant's failure to inform the offerees that his purpose in purchasing the stock was to reduce the number of potential class members and thereby attempt to defeat the class action was not an omission of a material fact. Indeed, each offeree was furnished with a copy of the plaintiffs' complaint and each was made aware of the fact that the action was a class action and that he or she was a potential plaintiff. Moreover, as the defendants correctly point out, if a former Digiac shareholder wanted to divest himself of his contingent right to receive Fabri-Tek stock, he would do so regardless of the reason for the extension of the offer.

Rule 23(e), Fed.R.Civ.P. reads:

"A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

As previously mentioned, the plaintiffs maintain that the offer to purchase the stock of the proposed class members constitutes an attempt to settle or compromise the claims of individual members of the class without court approval in order to defeat the numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P.[3]

■ Rule 23(e), Fed.R.Civ.P. is designed to guard against the possibility of a self-appointed class representative unilaterally settling or compromising his claim in derogation of the rights of the class as a whole. See *Webster Eisenlohr v. Kalodner*, 145 F.2d 316, 320 (3d Cir.), *cert. denied*, 325 U.S. 867, 65 S.Ct. 1404, 89 L.Ed. 1986 (1944). Here, no such

---

2. The defendant's offer was extended to former owners of less than 100 shares of Digiac common stock.

3. It is noteworthy that the plaintiffs do not seek to preclude the defendants from obtaining the "waivers of interest in the action" from possible members of the class as this procedure has been recognized by several courts. See, e. g., *Shulman v. Ritzenberg*, 47 F.R.D. 202, 207–208 (D.D.C.1969).

problem exists. Rather, the defendant Muten contacted seven former Digiac stockholders and offered to purchase their contingent right to receive Fabri-Tek stock pursuant to the Digiac/Fabri-Tek Merger Agreement. To date, four of those contacted have accepted the defendant's offer. By accepting the offer, these potential class members have chosen to settle their claims through a relinquishment of their rights. However, such settlements do not affect the rights of the other potential class members.[4] The plaintiffs' class action complaint has not been disturbed, nor have the other potential class members been prohibited from intervening in the instant suit or commencing their own suit in the event that the plaintiffs' class action motion is denied. In essence, this court is in agreement with Judge Friendly's statement in *Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc.*, 455 F.2d 770, 773 (2d Cir. 1972), that:

> "[W]e are unable to perceive any legal theory that would endow a plaintiff who has brought what would have been a 'spurious' class action under former Rule 23 with a right to prevent negotiation of settlements between the defendant and other potential members of the class who are of a mind to do this; it is only the settlement of the class action itself without court approval that F.R.Civ.P. 23(e) prohibits." (Footnote and citations omitted).

The plaintiffs' application for a class action designation is also infirm. Of the 43 potential plaintiffs, 25 have been eliminated either through "waivers of interest in the action" or settlement, leaving a potential class of only 18 members. The defendants also allege that the overwhelming majority of these 18 stockholders live in the New York metropolitan area. Thus, as Judge Bartels commented in *Moscarelli v. Stamm*, 288 F.Supp. 453, 463 (E.D.N.Y.1968):

> "The second reason for dismissal as a class action is the size of the class. . . . Plaintiffs say that they know twenty-five persons who will be included in the class and that they believe there may be others . . . . With such a relatively small number, intervention is feasible and will offer each member an opportunity to prosecute his own claim without being subject to the risk that the representative parties might not fairly and adequately protect his interest. Nor should there be, judging from the complaint and affidavits, any geographical or jurisdictional problems presented by such intervention. Joinder has been held preferable where the number of prospective members lies between 30 and 40." (Citations omitted).

Lastly, the plaintiffs seek to have the defendants supply them with the names and addresses of all members of the proposed class. In light of the denial of plaintiffs' class action motion and motion to restrain the individual settlement

---

4. The plaintiffs attempt to argue that the defendant's offers of settlement do affect the rights of the other potential class members inasmuch as their individual claims are so small as not to warrant individual litigation. Consequently, the plaintiffs' argument continues that if the defendant is successful, through his offers of settlement, in defeating the numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., this will put an end to the litigation without the required court approval under Rule 23(e), Fed.R.Civ.P. This court cannot agree for two reasons. Firstly, such an argument is wholly speculative since to date only four of the former Digiac share-holders have accepted the defendant's offer. Secondly, Rule 23(e), Fed.R.Civ.P. is not intended to insure court supervision of the settlement of potential class member claims with a view towards the economic viability of intervention or commencement of separate lawsuits in the event that the numerosity requirement is eliminated. *Cf. Webster Eisenlohr v. Kalodner*, 145 F.2d 316, 320 (3d Cir.), *cert. denied*, 325 U.S. 867, 65 S.Ct. 1404, 89 L.Ed. 1986 (1944). As a result, Rule 23(e), Fed.R.Civ.P. not being applicable, there is no legal authority under which this court may undertake such a supervisory role.

of claims, there appears to be no need for the plaintiffs to obtain this information. Nevertheless, if the plaintiffs still desire the above-mentioned names and addresses, they are free to seek them through discovery.

Accordingly, it is

Ordered that the relief requested in the plaintiffs' order to show cause is denied in all respects; and it is further

Ordered that the plaintiffs' application for a class action designation is denied.