**Charles GRIMA, Plaintiff,**

v.

**APPLIED DEVICES CORPORATION, Fleschner Becker Associates, Allen Adler, Ronya Kozmetski, Morris Leverton, James B. Seelye, Robert K. Stern and John C. Thomas, Defendants.**

**No. 75 C 913.**

United States District Court, E. D. New York.

April 3, 1978.

Silverman & Harnes, New York City (Martin H. Olesh, New York City, of counsel), for plaintiff.

Casey, Lane & Mittendorf, New York City, for defendant Fleschner Becker Associates.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant Robert K. Stern.

Shea, Gould, Climenko, Kramer & Casey, New York City, for all other defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff moves to discontinue this action, which he brought as a shareholder derivatively on behalf of Applied Devices Corporation ("Applied"). Plaintiff's counsel has submitted a proposed order which would dismiss the case

"without prejudices [sic] pursuant to Rule 41(a)(2) FRCP except with prejudice as to plaintiff Charles Grima and without costs to any party."

None of the defendants opposes entry of the proposed order.

The proposed order is defective, however, in that it fails to make any provision for notice to the shareholders of Applied of the proposed dismissal. Rule 23.1 of the Federal Rules of Civil Procedure explicitly requires such notice:

"The [derivative] action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be

given to shareholders . . . in such manner as the court directs."

Courts and commentators have acknowledged, at least in theory, the possibility of an exception to the notice requirement at the time of entry of an order of voluntary (or even involuntary) dismissal. See, e. g., *Rogosin v. Steadman*, 71 F.R.D. 514 (S.D.N.Y.1976); *Beaver Associates v. Cannon*, 59 F.R.D. 508 (S.D.N.Y.1973); 3B *Moore's Federal Practice* ¶ 23.1, 24[2] at 23.1–131–32. However, the notice requirement is so important to the rights of non-party shareholders of the corporation whose rights are asserted in a derivative action that the failure to give notice strips an otherwise final judgment of its *res judicata* effect. *Papilsky v. Berndt*, 466 F.2d 251 (2 Cir.), cert. denied 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972).

In the *Papilsky* case, the Second Circuit reaffirmed the principle that the plaintiff in a derivative suit litigates not for himself but on behalf of the corporation. In that light, the Court then described several of the policies served by the notice requirement of Rule 23.1:

1) To prevent collusive private settlements which confer benefits solely upon plaintiff and his counsel, rather than the corporation whose claim they have presented.

2) To prevent malfeasing corporate officers from "buying off" shareholders bold enough to challenge their action.

3) To preserve potentially valid claims from extinguishment through the purely private decision of the particular shareholder presenting the claim.

The record in this case presents no trace of any collusive or other unseemly motivation behind the plaintiff's decision to seek dismissal of the suit. Plaintiff indicates that he has concluded, on the basis of documents produced by the defendants, that the transaction of which he complained is sufficiently immune from attack by operation of the "business judgment" defense as to render further litigation "fruitless". Neither plaintiff nor his attorneys are to receive any remuneration or consideration in connection with the dismissal of the action. During the two-and-one half years of pendency of this litigation no other shareholder has sought to intervene as a plaintiff. The apparent good-faith of the parties to this suit has, then, obviated much of the need for Rule 23.1 notice.

However, dismissal of this action might well foreclose any other shareholder from pursuing the claim asserted in this case. While *res judicata* would not bar further litigation by other shareholders if this action were dismissed without notice to them since the dismissal here sought would be without prejudice (see also *Papilsky v. Berndt, supra*), such other shareholders may well face an insurmountable statute of limitations hurdle if they commenced a new action, since the challenged agreement was entered into by Applied in February, 1974. While I respect plaintiff's considered decision that the defendants have a valid "business judgment" defense to his claim, other shareholders should, if they reach a different conclusion, have an opportunity to proceed.

In *Beaver Associates v. Cannon, supra*, Judge Pollack declined to dismiss a derivative claim pending before him since procedural defects threatened the viability of other actions presenting the same claim. Concerned with preserving a forum for challenging the corporation's action, he chose to keep the case on his docket until Rule 23.1 notice was effected or the procedural difficulties in the companion cases resolved. Similarly, in *Rogosin v. Steadman, supra*, Judge Cannella refused to permit the parties to forego the notice requirement since a valid derivative claim conceivably existed. In each case, the courts ordered notice to preserve for other shareholders the opportunity to act on behalf of the corporation although the plaintiffs before them could not. Judge Pollack stated the controlling principle in *Beaver Associates v. Cannon, supra*, at 511:

"[I]f . . . dismissal may sacrifice an advantage to the corporation . . . the protections of Rule 23.1 notice must be safeguarded; in this event the plain-

tiff, although an unwilling litigant, must be kept in the suit as the fiduciary for the corporate interest until other shareholders have the opportunity to secure the advantage to the corporation by continuing the litigation or at least to determine whether the corporate interest so requires." (footnote omitted)

I shall therefore decline to dismiss the action until proper notice to the shareholders is given. The parties are directed to appear in my chambers on April 27, 1978 at 4:30 p. m. with regard to the contents of and appropriation of costs for such notice. I urge the parties to attempt to reach agreement in this matter.

So ordered.