Richard S. ROBINSON, Ann Nemser, Philip Baron, Rebecca Lowey, Jacob Schoenbach, and Louis Goodkind, Plaintiffs,

v.

FIRST NATIONAL CITY BANK et al., Defendants.

No. 72 Civ. 1854 (WCC).

United States District Court,
S. D. New York.

Oct. 4, 1979.

Nemser & Nemser, New York City, for plaintiffs Ann Nemser and Philip Baron; Stanley Nemser, New York City, of counsel.

David Berger, P. A., Philadelphia, Pa., for plaintiff Richard S. Robinson.

Lowey, Dannenberg & Knapp, P. C., New York City, for plaintiffs Rebecca Lowey and Jacob Schoenbach; Richard B. Dannenberg, New York City, of counsel.

Kass, Goodkind, Wechsler & Labaton, New York City, for plaintiff Louis W. Goodkind.

Shearman & Sterling, New York City, for defendant Citibank, N. A.; Kenneth M. Kramer, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Defendants have moved to dismiss this class action on grounds of *res judicata.* Named plaintiffs have not opposed the motion. For reasons stated below, the motion will be granted under Rule 56, F.R.Civ.P., with prejudice as to named plaintiffs, and without prejudice as to other members of the class.

*Background*

On May 4, 1972, plaintiffs filed this class action in the Southern District of New York on behalf of those Penn Central railroad shareholders[1] who participated in the 1969 merger and restructuring of the railroad into a holding company, the Penn Central Company (hereafter "PCC") and a railroad subsidiary, the Penn Central Transportation Company (hereafter "PCTC"). As a result of the merger, former Penn Central shareholders became shareholders of PCC, and PCC became the sole shareholder of PCTC. The complaint alleges that defendant banks ("banks"),[2] as members of a consortium providing financing to the railroad, aided and abetted railroad management in misleading shareholders as to the terms of the financing[3] to be provided after the 1969 restructuring, in violation of §§ 10(b), 13(a) and 14(a) of the Securities Exchange Act of 1934[4] and of the principles of common law fraud.

On the same date that they filed this complaint, the named plaintiffs filed a petition ("Robinson petition") in the Eastern District of Pennsylvania bankruptcy proceedings of the PCTC, the railroad subsidiary formed in the 1969 restructuring of the Penn Central.[5] The petition challenged the banks' claims to those PCTC assets[6] pledged under the 1969 financing arrangements, and asserted PCC shareholder claims for damages against the PCTC estate, by raising the same securities law and fraud claims alleged in the Southern District of

1. *I. e.,* shareholders of the company formed by the merger of the New York Central with the Pennsylvania Railroad on February 1, 1968.

2. Fifty-three banks entered into the revolving credit transaction, 47 directly and 5 secondarily. First National City Bank served as agent for all banks, as well as participating directly in the financing.

3. Including, among other alleged misrepresentations, alleged misrepresentations as to the pledge of the stock of the Pennsylvania Company ("Pennco"), an investment subsidiary of PCTC and the major PCTC asset following the railroad's subsequent bankruptcy.

4. 15 U.S.C.A. §§ 78j(b), 78m(a) and 78n(a) (1979 Supp.).

5. The PCTC filed a petition for reorganization with the Eastern District court on June 21, 1970, pursuant to § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205 (1979 Supp.) (*superseded* effective October 1, 1979 by §§ 1161–74 of the Revised Bankruptcy Act, Pub.L. No. 95–598, 92 Stat. 2549).

6. The Pennco stock described in note 3 *supra.*

New York complaint. This Court stayed the present action before any motions were filed for certification of the plaintiff class, pending completion of the Eastern District of Pennsylvania bankruptcy proceeding.

On March 17, 1978, the Eastern District bankruptcy court approved a final reorganization plan for the PCTC. *In the Matter of Penn Central Transportation Company*, 458 F.Supp. 1234 (E.D.Pa.1978). This final plan was developed after an initial settlement of the banks' claims had been rejected by the bankruptcy court, *In the Matter of Penn Central Transportation Company*, 358 F.Supp. 154 (E.D.Pa.1973); after the issues raised by the Robinson petition had been fully litigated before the reorganization court, 358 F.Supp. at 184, although the reorganization court withheld its decision on the merits of the Robinson petition claims at the request of the parties in order to further settlement negotiations, 458 F.Supp. at 1266;[7] and after lengthy final negotiations had been carried out among the interested parties, including banks and the named plaintiffs in this action. The reorganization court did not specifically review the securities law claims raised in the Robinson petition in its approval of the final reorganization plan, see 458 F.Supp. at 1266–69; but defendant banks and the named plaintiffs agree that all the claims raised in the Robinson petition were compromised and settled by the reorganization court's order.

■ The defendant banks have now moved to dismiss this action on *res judicata* grounds, arguing that this action raises issues which were before the reorganization court and that the resolution of those issues by settlement in the formulation of the reorganization plan bars their relitigation in

this proceeding.[8] The named plaintiffs have filed an affidavit in support of defendants' motion.

### 1. *Res judicata* issues

■ The doctrine of *res judicata* bars relitigation of a cause of action if the same parties have previously raised the same claim in a proceeding which rendered a final judgment on the merits of that claim. 1B Moore's Federal Practice ¶ 0.405[1] (1974). This doctrine balances a concern for judicial economy—that matters finally resolved not be the subject of repeated litigation—with a concern for due process—that parties not be bound by prior judgments as to which they had no notice or opportunity to intervene. *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

Defendants' *res judicata* motion raises the issue of which parties may be bound by the prior reorganization proceeding: that is, whether the named plaintiffs' compromise of shareholder claims in the reorganization negotiations can bar all members of the alleged shareholder class from litigating the securities claims in this court. The Court concludes that the prior compromise is binding only upon those shareholders who actually appeared in the reorganization court, *i. e.*, upon named plaintiffs only.

### a. Named plaintiffs' claims

■ The requirements of *res judicata* outlined above are fulfilled as to named plaintiffs. Defendants and the named plaintiffs were both parties to the Eastern District of Pennsylvania reorganization proceedings. Defendants contend and plaintiffs do not dispute that the securities laws

---

7. After the initial settlement negotiated between the Trustee and the banks was disapproved, removing the possibility that the banks would immediately acquire the Pennco stock, the challenges raised by the Robinson petition no longer demanded immediate resolution. The parties therefore requested the reorganization court to withhold its decision on these issues pending negotiations toward a different settlement plan. *In the Matter of Penn Central Transportation Company*, 458 F.Supp. at 1266 n. 34.

8. While the motion was brought under Rule 12(b), F.R.Civ.P. supplemental affidavits require treatment of the motion as a motion for summary judgment under Rule 56. A pretrial motion to dismiss on *res judicata* grounds is proper under either Rule 12 or Rule 56 in this circuit, *Hammer v. Greenburgh*, 440 F.Supp. 27 (S.D.N.Y.1977), *aff'd*, 578 F.2d 1368 (1978); *Thistlethwaite v. City of New York*, 362 F.Supp. 88, 91 (S.D.N.Y.1973), *aff'd*, 497 F.2d 339 (2d Cir.), *cert. denied*, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974).

and fraud claims alleged in plaintiffs' complaint in this action are identical to the claims against the banks which the named plaintiffs raised and settled in the Eastern District; after review of the complaint and the Robinson petition, the Court agrees. Since neither named plaintiffs nor defendants appealed the reorganization court's approval of the compromise of the securities law and fraud claims, the bankruptcy adjudication is a final judgment on the merits of those claims. *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); see *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).[9] Thus, named plaintiffs' settlement in the reorganization proceeding bars relitigation of those claims in this court.

b. Absent class members' claims

■ Defendants assume and the named plaintiffs do not dispute that the *res judicata* bar extends as well to unnamed members of the alleged class. This assumption is not supported by the record here. While class members who did not appear in the reorganization proceeding could have been "parties" to that proceeding under either of two theories—the *in rem* nature of the reorganization court's order, or the named plaintiffs' representative authority to bind absent class members personally—the nature of the shareholder claims in question, and the named plaintiffs' failure to meet the requirements of either Rule 23, F.R.Civ.P., or § 77 of the Bankruptcy Act [10] for representative status in the reorganization proceeding, preclude the application of either theory to this case.

9. The bankruptcy decree may not be attacked collaterally even to question the jurisdiction of the reorganization court over the claims compromised. *Stoll, supra* ; see *Chicot, supra.*

10. 11 U.S.C.A. § 205 (1979 Supp.) (*superseded* effective October 1, 1979 by §§ 1161–74 of the Revised Bankruptcy Act, Pub.L. No. 95–598, 92 Stat. 2549).

11. Section 77 specifies numerous occasions on which notice is to be given by the reorganization court to interested parties. See § 77(c)(1) (notice of hearing to appoint trustee to be given to mortgage trustees, creditors and stockholders); § 77(c)(3) (publication notice required for

i. *In rem* effect

■ Under § 77 of the Bankruptcy Act, a railroad reorganization court has jurisdiction over the estate of the debtor railroad. Since one of the goals of the reorganization proceeding is to settle all outstanding claims against the debtor railroad's estate, see *New Haven Inclusion Cases*, 399 U.S. 392, 431, 90 S.Ct. 2054, 26 L.Ed.2d 691 (1970), a reorganization court's approval of a final reorganization plan has *in rem* effect with respect to claims against the debtor's estate; for purposes of *res judicata*, the plan is binding on claimants not actually before the court if those parties receive the notice of the adjudication of their claims as required by statute.[11] *City of New York v. New York, New Haven & Hartford R. R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); see *In the Matter of Tennessee Central Ry. Co.*, 498 F.2d 904, 905 (6th Cir. 1974); 1B Moore's Federal Practice ¶ 0.419.-3–3 (1974). The *in rem* effect does not extend, however, to those issues resolved by the reorganization court which do not directly affect the debtor's estate. Resolution of such subsidiary issues is binding only on those parties who appear personally before the court, 1B Moore's Federal Practice ¶ 0.419.3–3.

■ The issues raised by the named plaintiffs in this complaint were, in fact, subsidiary issues in the reorganization proceeding. The claims compromised by the named plaintiffs in the reorganization were claims against the banks—co-claimants competing with named plaintiffs in that

issuance of trustee's certificates); § 77(c)(8) (notice to creditors of time to file claims); § 77(c)(13) (debtor, creditor, stockholders' right to be heard in proceedings); § 77(e) (notice to be given to parties in interest of proposed reorganization plan).

The form of notice is generally discretionary with the reorganization court, although § 77(c)(8), requiring "reasonable notice" to railroad creditors, has been construed to require individual mail notice where both the existence and location of an interested creditor were known to the court. *City of New York, supra,* at 295–97, 73 S.Ct. 299.

proceeding for a share of the PCTC assets—rather than claims against the *res* in the reorganization, the PCTC estate. Thus, the reorganization court's approval of the named plaintiffs' compromise of these issues has no. *in rem* effect, and cannot be binding upon PCC shareholders who did not appear in the prior proceeding unless named plaintiffs were authorized in some way to appear on behalf of those shareholders.

### ii. *Representative status*

The named plaintiffs here cannot be said, however, to have personally appeared on behalf of absent PCC shareholders in the reorganization proceeding in any way that could be binding on those absent parties. The Robinson petitioners—named plaintiffs here—did not represent any other shareholders under § 77(p), the section of the bankruptcy law which permits one party to represent and bind others in a railroad reorganization.[12] Furthermore, although the Robinson petition asserted class-type claims in the reorganization proceeding, the named plaintiffs had no authority to bind a class in that proceeding under Rule 23, the federal rule governing class actions, either explicitly or by analogy to Rule 23 procedures.

 The theory underlying a Rule 23 class action is that in certain cases a proper class representative—one who meets the standards of Rule 23(a)—may act on behalf of numerous similarly situated persons when considerations of fairness and judicial economy suggest such a treatment.[13] To be bound by the judgment in that suit, absent class members must receive notice of the class action and of their rights to "opt out" or to be individually represented; for a Rule 23(b)(3) class[14] such as the one described in this complaint, that notice in most cases must be individual notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).[15]

> "As the Supreme Court noted in *Eisen*, this requirement of notice is designed to fulfill the due process requirement that, where possible, a person should be notified of the existence of a lawsuit before he is bound by the judgment in that lawsuit." *Berry Petroleum v. Adams & Peck*, 518 F.2d 402, 412 (2d Cir. 1975).

A settlement of class action claims may be a final judgment binding on the class if the representation and notice requirements of the Rule have been met. *Berry, supra* ; see *Schlensky v. Dorsey*, 574 F.2d 131, 143 (3d Cir. 1978); *Stella v. Kaiser*, 218 F.2d 64, 65 (2d Cir. 1954), *cert. denied,* 350 U.S. 835, 76 S.Ct. 71, 100 L.Ed. 745 (1955) (settlement of shareholder derivative suits); *cf. Ruskay v. Waddell*, 552 F.2d 392 (2d Cir.), *cert. denied,* 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977).

 In the reorganization proceeding at issue here, although the named plaintiffs purported to act on behalf of all PCC shareholders, no class was formally certified and notified under Rule 23. Indeed, the reorga-

---

**12.** The subsection requires ICC approval for representative actions, and allows such actions for classes of less than 25 persons only.

**13.** See generally Frankel, Some Preliminary Observations Concerning Civil Rule 23, 42 F.R.D. 39 (1967).

**14.** Rule 23(b)(1) describes a class made up, in effect, of "necessary parties" under Rule 19, F.R.Civ.P.: persons whose rights would be impaired by inconsistent adjudications or by prior disposition of common issues in the claims of each class member. Rule 23(b)(2) describes a class seeking injunctive or declaratory relief against a party dealing with the class. Rule 23(b)(3) describes a situation in which common questions of law and fact in the claims of class members predominate over individual issues.

**15.** For class actions under Rule 23(b)(3), a court must direct that the members of the class receive the best notice practicable under the circumstances, including individual notice to all class members who can be identified with reasonable effort. Rule 23(c)(2); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Cranston v. Hardin*, 504 F.2d 566, 576 (2d Cir. 1974). For class actions under Rule 23(b)(1) or (2), "it is sufficient if the notice is reasonably calculated to apprise members of the pendency of the action." *Cranston, supra,* at 576. Since plaintiffs' allegations describe a 23(b)(3) class, the *Eisen* requirements apply here.

nization court specifically held that Rule 23 class certification was not a procedure available to shareholder representatives in that proceeding, since § 77(p) provided the exclusive mechanism for representative action in a railroad reorganization. *In the Matter of Penn Central Transportation Company,* 328 F.Supp. 1273 (E.D.Pa.1971), aff'd, 455 F.2d 976 (3d Cir. 1972); see also *In re Penn Central Securities Litigation,* 494 F.2d 528, 537 (3d Cir. 1974); *In the Matter of Penn Central Transportation Company,* 354 F.Supp. 757 (E.D.Pa.1972), aff'd, 480 F.2d 918 (3d Cir. 1973), *cert. denied,* 414 U.S. 1066, 94 S.Ct. 574, 38 L.Ed.2d 471 (1973) (ruling applied to bondholder class-action petition). Moreover, the role of the named plaintiffs in the reorganization proceeding—as representatives of the PCC shareholder class—was not equivalent to the role of a class representative under Rule 23, especially since the procedures outlined in § 77(e), which require the reorganization court to seek shareholder participation, do not approximate the safeguards required by Rule 23, *Eisen* and *Berry* to bind absent members of the type of class alleged in this complaint. Note that the underlying purpose of the § 77 procedure for encouraging class representation in a reorganization proceeding and for notifying absent parties of the proceeding is to ensure fairness among the competing classes of claimants to the bankrupt estate—creditors, bondholders, stockholders. See *In the Matter of Penn Central Transportation Company,* 458 F.Supp. 1234 (E.D.Pa.1978). While § 77(e) requires the reorganization court to be satisfied that each class has participated or been offered an opportunity to participate in formulating the final reorganization plan, no detailed inquiry is required as to the suitability of class representatives to raise the claims of the class they represent,

in contrast to the inquiry required under Rule 23(a). In addition, in contrast to the requirements of Rules 23(b)(3) and 23(c)(2), § 77(e) does not usually require individual notice to members of an interested class, see *In re Denver & R. J. Western R. Co.,* 13 F.Supp. 821, 823–24 (D.Colo.1936). No individual notice was in fact given in the PCTC reorganization proceeding to members of the class of PCC shareholders.[16] On these facts, absent members of the class cannot be barred from asserting their securities law and fraud claims against the banks on the theory that the bankruptcy proceeding was so similar to a Rule 23 class action that the prior settlement by the named plaintiffs bars this class claim.

 Finally, since the securities law and fraud issues were compromised without specific findings of fact as to those issues, the principles of collateral estoppel do not apply to preclude the claims of absent class members in this proceeding. See, *e. g., Bernstein v. Mediobanca,* 78 F.R.D. 1 (S.D.N.Y. 1978) (Conner, J.). The Court concludes that absent members of the class are not barred by the prior reorganization proceeding from raising their securities law and fraud claims.

### 2. Dismissal of class claims

If the reorganization proceeding is *res judicata* as to named plaintiffs only, this Court must consider the disposition of the remaining claims of absent class members. This consideration raises two issues: the continued viability of the class when the named plaintiffs are barred from prosecuting the action; and the Court's obligation to notify absent class members of the disposition of the class claims.

 Even though no motion was ever made to certify the class in this action,

---

**16.** Note that class members here are technically shareholders of the sole shareholder of the debtor, thanks to the 1969 reorganization, so that their interests were before the reorganization court only secondarily. See *In re Penn Central Securities Litigation,* 494 F.2d 528, 536 (3d Cir. 1974) (discussion of diminished rights of PCC shareholders in PCTC bankruptcy). The issues of PCC shareholders' standing to challenge the reorganization plan, the adequacy of named plaintiffs as shareholder representatives in the reorganization proceeding, and PCC shareholder rights to individual notice of the reorganization plan are still being litigated, see *Schafer v. Penn Central Corp.,* —— U.S. ——, 100 S.Ct. 68, 62 L.Ed.2d 45; *Key v. Penn Central Corp.,* —— U.S. ——, 100 S.Ct. 68, 62 L.Ed.2d 45.

the Court has an obligation under Rule 23 to consider the possibility that the action could proceed as a class action. *Jeffery v. Malcolm*, 353 F.Supp. 395, 396 (S.D.N.Y. 1973) ("[T]he Court on its own should proceed at an appropriate occasion to review the proposed class"); *Beaver Associates v. Cannon*, 59 F.R.D. 508, 518 (S.D.N.Y.1973). One of the requirements for a viable class is that the claims of the named plaintiffs be typical of those of the class, Rule 23(a)(3); another is that the named representatives be able to fully and adequately represent the class, Rule 23(a)(4). It is clear that in this case, the named plaintiffs whose individual claims are barred are neither typical nor adequate representatives of the remaining class, see *Jacobs v. Paul Hardemann, Inc.*, 42 F.R.D. 595 (S.D.N.Y.1967); *cf. Herbst v. Able*, 45 F.R.D. 451, 453 (S.D.N.Y. 1968). No other members of the class have come forward to take the place of the named representatives. Under these circumstances, the action cannot proceed as a class action and must be dismissed. *Elias v. Nat'l Car Rental*, 59 F.R.D. 276, 277 (D.Minn.1973); *Rothman v. Gould*, 52 F.R.D. 494, 501 (S.D.N.Y.1971).

 Before the claims of the class are dismissed, however, the Court must consider whether either due process considerations or the specific provisions of Rule 23 require notice to the absent class members of the impending dismissal. The due process considerations underlying the principles of *res judicata* do not call for notice in this situation, since dismissal of a class action prior to class certification is not binding on absent class members under Rule 23, *Shelton v. Pargo*, 582 F.2d 1298, 1303 (4th Cir. 1978); *Beaver, supra.* The application of

Rule 23 to this situation, on the other hand, is not so clearcut, since the Rule has been applied in varying ways to proposed dismissals or settlements of uncertified class actions. In some cases, courts have treated dismissal of an uncertified class action as falling under Rule 23(e), which requires notice prior to the voluntary dismissal or settlement of a class claim. See *Ross v. Warner*, 80 F.R.D. 90 (S.D.N.Y.1978); *Philadelphia Electric v. Anaconda Am. Brass Co.*, 42 F.R.D. 324 (E.D.Pa.1967). In other cases, courts have considered giving notice in a precertification class action dismissal under the discretionary provisions of Rule 23(d)(2); see *Bantolina v. Aloha Motors, Inc.*, 75 F.R.D. 26, 30–31 (D.Haw.1977) (considered but rejected). Courts have not required such notice, however, where the facts of the case fail to show that lack of notice would unduly prejudice the ability of absent class members to bring independent actions on their claims, *Shelton, supra; Ross, supra; Beaver, supra; Polakoff v. Delaware Steeplechase & Racehorse Ass'n*, 264 F.Supp. 915 (D.Del.1966), either by limiting the right of absent class members to recover in a subsequent suit, *Rothman, supra* (cash settlement with named plaintiff proposed); *Bantolina, supra*, at 32 (running of statute of limitations might bar other actions); *Philadelphia Electric, supra* (proposed settlement with three defendants to be binding on entire class), or by encouraging continued reliance by unnamed class members on the activity of named class members on their behalf, *Ross, supra*, at 91–92 (publicity about lawsuit could have engendered reliance); *Berse v. Berman*, 60 F.R.D. 414, 416 (S.D.N.Y.1973) (notice previously given to absent class members could have encouraged them to rely).[17]

---

17. For a general discussion of the applicability of Rule 23(d)(2) and (e) to precertification class action dismissals and settlements, see Note, Developments—Class Actions, 89 Harv.L.Rev. 1318, 1541–46 (1976); 3 Newberg, *Class Actions* § 4960 (1977); Manual for Complex Litigation § 1.45, 1.46 (1977 ed.).

An involuntary dismissal of a class action suit falls outside the provisions of Rule 23(e), see *Shelton, supra*, at 1306, although the court may still find that notice should be given in such a situation under 23(d)(2), or under its general supervisory authority over class actions, see *Phillips v. Tobin*, 543 F.2d 408, 410 (2d Cir. 1976) (court has discretion to order notice in the hope of attracting new named representatives). Note also that in the case in which an individual named plaintiff settles, but other class members press on with the suit, notice is not required under Rule 23(e) and is usually not recommended under 23(d)(2). *Weight Watchers of Philadelphia v. Weight Watchers International*, 455 F.2d 770 (2d Cir. 1972); *Nesenoff v. Muten*, 67 F.R.D. 500 (E.D.N.Y.1974).

In this case, the facts do not appear to call for notice of the impending dismissal to the absent class members. First, the prejudice to the absent class members which might result from the failure to give notice does not appear great. As noted above, the absent class members will not be barred from pursuing these claims in other actions by the dismissal of this suit. Furthermore, unlike the situation in *Ross* or *Berse*, where either the class members had received actual notice of or there had been substantial publicity concerning the pending class action, the absent class members here have been given little or no reason to rely on the named plaintiffs, since the absent members received no individual notice and there has been minimal publicity as to the named plaintiffs' pursuit of these securities law and fraud claims. For this reason, it appears unlikely that the absent class members are currently forbearing to act on these claims in reliance upon this lawsuit. In addition, it is not clear that the statute of limitations will bar an independent action by members of the class if this action is dismissed: under the rule of *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 552, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), in fact, the statute may have been tolled during the pendency of this suit, see *Bantolina, supra*, at 30–31.

Secondly, the possible prejudice to absent class members from the dismissal of this suit due to their reliance on this action, or the running of the statute of limitations on their claims, is outweighed by both the cost of notice and the unfairness of saddling named plaintiffs with this burden. It is clear that newspaper notice of the type required in *Ross, supra* (publication in the Wall Street Journal, New York Law Journal, and five newspapers) would be expensive, and that individual notice to the holders of the 24,104,708 shares exchanged in the 1969 merger and reorganization would be prohibitively expensive. The named plaintiffs here would be required to shoulder such a burden under the principles of *Eisen, supra* ; see *Ross, supra*. This imposition does not appear justified when named plaintiffs are barred from prosecuting their individual claims by *res judicata* and barred from prosecuting the claims of the class by application of the standards of Rule 23(a), leading to what is, in effect, an involuntary dismissal of their claims. See *Shelton, supra* at 1306–7 (notice not required for involuntary dismissals).

Moreover, there has been no suggestion of a collusive settlement on the part of named plaintiffs which might call for notice on equitable grounds, *cf. Papilsky v. Berndt*, 466 F.2d 251, 259 (2d Cir.), *cert. denied*, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); *Bernstein, supra*, at 2–3 (unopposed motion for summary judgment in shareholder derivative suit analogous to voluntary settlement, requiring notice under Rule 23.1), or any suggestion that the named plaintiffs have acted in bad faith, either in making the original class action allegations, or in failing to oppose defendants' motion. The named plaintiffs have vigorously prosecuted other lawsuits on behalf of PCC shareholders; and it appears from the record here that the named plaintiffs failed to oppose this motion first because they believed their activities in Pennsylvania did preclude the class claims as well as their own; and second, because they believed their negotiations in the reorganization proceeding had won for shareholders the best recovery possible from all parties to the Penn Central debacle. Under these circumstances, dismissal of the class claims without notice to absent class members is appropriate.

*Summary*

With respect to named plaintiffs, defendants' motion to dismiss will be granted with prejudice on the grounds that named plaintiffs' claims are *res judicata*. With respect to other members of the class, the motion to dismiss will be granted without prejudice.

SO ORDERED.