Jessie SHEINBERG, Plaintiff,

v.

FLUOR CORPORATION, Fluor Acquisition Corporation and St. Joe Minerals Corporation, Defendants.

No. 81 CIV 2275 (LBS).

United States District Court, S. D. New York.

July 2, 1981.

Rubin, Baum, Levin, Constant & Friedman, Martin A. Coleman, Jeffrey R. Mann, New York City, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton, Edmund H. Kerr, Judith A. Ripps, Thomas J. Maloney, Jonathan I. Blackman, New York City, for defendants Fluor Corp. and Fluor Acquisition Corp.

Debevoise, Plimpton, Lyons & Gates, Asa Rountree, Meredith Brown, Standish F. Medina, Jr., Jeffrey Drummond, New York City, for defendant St. Joe Minerals Corp.

## OPINION

SAND, District Judge.

The Court has before it a "Stipulation of Dismissal Without Prejudice and Effectuating Order" which has been submitted on consent of all parties. Although consenting to entry of the order, counsel for defendants have called the Court's attention to the fact that it calls for dismissal without notice to the class of an action which was denominated by plaintiff as a class and derivative action, and that such an order raises questions under Fed.R.Civ.P. 23 and 23.1 and the law in this Circuit as stated in *Papilsky v. Berndt*, 466 F.2d 251 (2d Cir.) *cert. denied* 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972).

The somewhat unusual circumstances which led to the submission of the proposed order are as follows. In April, 1981 while a rival tender offer for the stock of St. Joe Minerals Corporation ("St. Joe") was outstanding, Fluor announced that it would make a cash tender offer for St. Joe stock to be followed by a merger. The details of this offer are more fully set forth in our opinion of April 23, 1981, 514 F.Supp. 133, familiarity with which will be assumed.

Shortly after the Fluor tender offer was announced, plaintiff commenced this action seeking to enjoin the expiration of the cash tender offer until the St. Joe stockholders had received copies of the full prospectus and registration statement to be issued in connection with the proposed merger.

On April 23, 1981, after hearing oral argument on plaintiff's application for a preliminary injunction, this Court rendered a bench opinion denying the injunction, stating in part that plaintiff had not established a likelihood of success on the merits. On April 24, 1981, the Court of Appeals denied plaintiff's application for a temporary stay pending an accelerated appeal.

Plaintiff's counsel now state that after a review of the relevant facts and a reconsid-

eration of the merits of the suit, they have concluded that this action lacks merit.[1]

The proposed order states:

"G. The parties have agreed, subject to the approval of this Court, to the dismissal of this action without prejudice (except that insofar as plaintiff herself is concerned, the dismissal shall be with prejudice) and without costs to any party.

H. The decision of plaintiff to dismiss this action is based solely upon the conclusion reached after a factual review that this action is without merit.

I. Neither plaintiff nor her counsel has received or will receive, directly or indirectly, any consideration for agreeing to discontinue this action."

We are thus presented with the question whether under Fed.R.Civ.P. 23 and 23.1 notice must be given to the class of the proposed voluntary discontinuation of this class and derivative action which has "run out of steam." We conclude that notice need not be given under the special circumstances of this case.

The alternatives before the Court are the following.

First, we might refuse to sign the order without notice to the class. The class here is extremely large and individual notice would be expensive. Of course, there is no recovery against which such costs would be offset. Such a ruling might compel plaintiffs to go forward with a suit believed to be meritless, subjecting the defendants and the Court to needless expenditures of resources.

Alternatively, we might sign the order on the ground that it does not purport to bind any members of the putative class. The order specifically states that it is without prejudice to all but the named plaintiff. The question presented by this second alternative is essentially whether the corporation or anyone would be hurt by entry of the order. *See Beaver Associates v. Cannon*, 59 F.R.D. 508, 511 (S.D.N.Y.1973).

The events giving rise to plaintiff's claims are quite recent, and there is accordingly no danger that the statute of limitations will bar assertion of these claims by other class members. *Cf. Grima v. Applied Devices Corp.*, 78 F.R.D. 431, 432–33 (S.D.N.Y.1978); *Beaver Associates v. Cannon, supra* at 511–12. Were the action to continue on the Court's docket, although in fact there was no intent or desire to prosecute it with vigor, the possible deception to class members would be even greater.

Requiring plaintiff to incur the costs of individual notice or newspaper notice would be punitive. *See Robinson v. First National City Bank*, 482 F.Supp. 92, 101 (S.D.N.Y. 1979). The Court is fully satisfied that: (1) the action was brought in complete good faith; (2) the representations by counsel that they now believe the action to be without merit are also made in good faith and are based on sound reasons; and (3) that the representations that neither plaintiff nor her counsel will benefit in any way are truthful.

In short, we are satisfied that none of the reasons which underlie the notice requirements of Fed.R.Civ.P. 23 and 23.1 with respect to voluntary discontinuances are operative here; no one's rights are being cut off and no potential abuses are present. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314–16 (4th Cir. 1978); *Cramer v. General Tel. & Electronics Corp.*, 582 F.2d 259, 268–69 (3d Cir. 1978), *cert. denied* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979); *Papilsky v. Berndt, supra* at 258–59; *Grima v. Applied Devices Corp., supra* at 432; *Robinson v. First National City Bank, supra* at 100–01.

It might be argued that requiring notice would serve to deter meritless class action litigation. Perhaps in a case in which the equities were not so clear as they are here consideration should be given to this concept. However, in most instances we believe that a rule which carries too heavy a sanction for the acknowledgment that an action previously commenced lacks merit is

---

1. As we noted in our prior opinion, plaintiff's counsel conceded that when the initial papers were filed in this proceeding, SEC Release No. 5927/14699 (April 24, 1978) was not taken into account. Counsel were obviously acting under great time pressures.

as likely to deter the acknowledgment, and thereby encourage protracted litigation of meritless claims, as it is to deter the suit. *Cf. Nemeroff v. Abelson*, 620 F.2d 339, 349 (2d Cir. 1980).

For the reasons set forth herein, we have approved the proposed stipulation and the order dismissing the action has been signed.

SO ORDERED.