**LARKIN GENERAL HOSPITAL, LTD.**

v.

**AMERICAN TELEPHONE & TELE-GRAPH COMPANY, et al.**

Civ. A. No. 81–3790.

United States District Court,
E. D. Pennsylvania.

Feb. 3, 1982.

Seymour Kurland, Kenneth J. Warren, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

David H. Pittinsky, Dilworth, Paxon, Kalish & Kauffman, Philadelphia, Pa., Leonard Joseph & Harvey Kurzweil of Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Plaintiff filed this antitrust action on its own behalf and as representative of a purported class consisting of "[a]ll users of telephone terminal equipment who, between November 20, 1970 and July 1, 1978, have made payments for installation, rental or lease of interface devices (sometimes called protective connecting arrangements) to any Bell System Company." (Complaint ¶ 5) Defendants are American Telephone & Telegraph Company, Western Electric Co., Inc., Bell Telephone Laboratories, Inc., and twenty-two operating telephone companies constituting the Bell System. Plaintiff contends that defendant telephone companies violated sections 1 and 2 of the Sherman Act by monopolizing interstate trade and commerce in telecommunication service. Plaintiff alleges that there are at least thirty-thousand class members. (Complaint ¶ 5)

Plaintiff's complaint was filed on September 17, 1981. On October 14, 1981 the parties entered into a stipulation extending the time for defendants to answer the complaint until November 9, 1981. On October 29, 1981 plaintiff filed a Motion for Approval of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Defendants have yet to answer plaintiff's complaint or file a motion for summary judgment.[1]

Following a review of the briefs and authorities provided by the parties as well as the eloquent arguments presented by counsel for both sides in open court on January

---

1. In addition to responding to plaintiff's motion for approval of voluntary dismissal, defendants filed their own substantive motion to dismiss pursuant to rule 12. This opinion concerns only plaintiff's motion for approval of voluntary dismissal.

19, 1982, I have decided to grant plaintiff's motion for voluntary dismissal.[2]

### I. The Applicable Rule

The major dispute between the parties, both in their written and oral presentations, concerns the issue whether rule 41(a)(1) or rule 41(a)(2) is to govern plaintiff's motion in this case. Rule 41(a) reads as follows:

(a) Voluntary Dismissal: Effect Thereof.

(1) *By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e),* of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, which ever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) *By Order of Court. Except as provided in paragraph (1)* of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41 (emphasis supplied).

The dispute between the parties focuses on two clauses within rule 41: Plaintiff argues that the language "subject to the provisions of Rule 23(e)" in rule 41(a)(1) means only that the requirements of rule 23(e) are grafted onto the provisions of rule 41(a)(1). On the other hand, defendants argue that the "subject to" clause of rule 41(a)(1) must be read to exclude class actions from that particular subsection. Defendants therefore argue that the "except as provided in paragraph (1) of this subdivision of this rule" clause found in rule 41(a)(2) is implicated and that plaintiff's class action can be dismissed only by order of court pursuant to that subdivision.

The stakes underlying this dispute are not inconsequential. First, defendants urge that, if I decide to grant plaintiff's motion, I should attach conditions to the order of dismissal to prevent prejudice to defendants. *See Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976); Fed.R.Civ.P. 41(a)(2).[3] Without expressing any opinion on the merits of the conditions proposed by defendants, it is clear that conditions can be imposed only under a voluntary dismissal entered pursuant to rule 41(a)(2); rule 41(a)(1) does not authorize me to impose conditions. Second, if plaintiff's motion for voluntary dismissal is considered under rule 41(a)(2), I am required to consider the interests of defendants, and accord those interests substantial weight, in addition to consideration of the class's interests mandated by rule 23(e). *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2362, 2364 (1971).

I conclude that plaintiff's motion for voluntary dismissal, under the clear language of the Federal Rules of Civil Procedure, can be treated as a rule 41(a)(1) motion. The language of rule 41(a)(1) expressly states that its provisions are *"subject to"* the provisions of rule 23(e); it does not state that cases within the ambit of rule 23(e) are excluded from the 41(a)(1) treatment. In my view, the "subject to" clause merely incorporates the procedures of rule

---

**2.** This disposition makes it unnecessary for me to reach the merits of defendants' substantive motion to dismiss pursuant to rule 12.

**3.** Defendants urge that I impose two conditions on plaintiff should I grant their motion to dismiss voluntarily. First, they ask that I preclude plaintiff from refiling its action. Second, defendants seek reimbursement of attorneys' fees and expenses expended thus far in the litigation.

23(e), that is, court approval and appropriate notice, into the stated provisions of rule 41(a)(1). *See, e.g., Shelton v. Pargo, Inc.,* 582 F.2d 1298 (4th Cir. 1978); *Goodman v. Beneficial Consumer Discount Co.,* No. 79–843 (E.D.Pa. Dec. 1, 1980).

### II. The Rule 23(e) Inquiry

Having held that plaintiff's motion for approval of its petition for a voluntary dismissal should be treated under the provisions of rule 41(a)(1), ·I now proceed to examine plaintiff's motion under the standards of both rules 23(e) and 41(a)(1).

### A. Policies Underlying Rule 23(e)

Rule 23(e) reads as follows: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed.R.Civ.P. 23(e). "The purposes of Rule 23(e) are to discourage the use of the class action device to secure an unjust private settlement, and to protect the absent class members against prejudice from discontinuance." 3 H. Newberg, *Class Actions* § 4910, at 402 (1977). *See Simer v. Rios,* 661 F.2d 655 (7th Cir. 1981) (policies of rule 23(e) include protection of absent class members from res judicata judgment and other prejudicial effects of settlement or dismissal); *Shelton v. Pargo, Inc.,* 582 F.2d 1298 (4th Cir. 1978) (primary purpose of rule 23(e) is to "insure that an absentee class member, against whom an order of dismissal with prejudice would be res judicata, should be afforded an opportunity to be heard before any such order was entered"); *Smith v. Josten's American Yearbook Co.,* 78 F.R.D. 154, 168–69 (D.Kan. 1978) (court scrutiny of proposed settlements chiefly protects nonparty class members from unfair or unjust settlements affecting their rights), *aff'd,* 624 F.2d 125 (10th Cir. 1980); *Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61 (S.D.Tex.1977) (two

conflicting policies underlie rule 23(e): protection of the class interest and encouragement of settlements); *Nesenoff v. Muten,* 67 F.R.D. 500 (E.D.Va.1974) (policy underlying rule 23(e) is to protect against class representatives unilaterally settling or compromising claims in derogation of the rights of the entire class).

Three issues arise against this background of the class protection policy of rule 23(e): (1) the applicability of rule 23(e) to pre-class-certification motions; and, assuming the rule's applicability, (2) whether I should approve this particular motion for voluntary dismissal, and, assuming I do approve this dismissal, (3) the form of notice proper in these circumstances.

### B. Applicability of Rule 23(e) to Pre-Class-Certification Motions

■ First, I hold that, as a matter of policy, rule 23(e) does apply to motions for dismissal between the time the action is filed and the time of class certification. The Third Circuit follows the clear majority rule on this issue: "[A] suit brought as a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination the class action is not proper." *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir. 1970), *cert. denied sub nom. Glen Alden Corp. v. Kahan,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970). *Accord, American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Inglewood v. Los Angeles,* 451 F.2d 948, 951 (9th Cir. 1972); *Petition of Gabel,* 350 F.Supp. 624, 627 (C.D.Cal. 1972); *Yaffe v. Detroit Steel Corp.,* 50 F.R.D. 481, 483 (M.D.Ill.1970); *Gaddis v. Wyman,* 304 F.Supp. 713, 715 (S.D.N.Y. 1969); *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 42 F.R.D. 324, 326 (E.D.Pa.1967).[4]

---

4. Defendants rely heavily on this line of authority, particularly the Third Circuit decision in *Kahan.* Yet, contrary to defendants' position, these cases are not dispositive of plaintiff's motion; rather, the applicability of rule 23(e) is only the beginning of my inquiry. As I read these cases, they hold only that I must undertake the inquiry mandated by rule 23(e). They do not stand for the proposition for which they are cited in defendants' brief—that is, that plaintiff must give notice to all absent class members as a condition of my approving its motion for voluntary dismissal.

## C. Approval of Dismissal Under Rule 23(e)

Second, having held that the provisions of Rule 23(e) apply to this pre-class-certification motion, I must determine whether I should approve this voluntary dismissal under the standards of that rule. In making this determination, I have been guided by the thoughtful analysis provided by Professor Arthur R. Miller:

> One other saving grace to this embracive reading of Rule 23(e) is that when the settlement [or dismissal] occurs during the pre-certification period, particularly very early in the action, such as before answer or discovery on the Rule 23(c)(1) question, the judicial inquiry under subdivision (e) can be much more modest than it typically is after certification. This approach seems proper because the settlement [or dismissal] often is in the nature of a discontinuance of the class action status of the case and it is unlikely that other class members will have detrimentally relied on its institution. All the court need require is a demonstration by the attorneys that no one will be prejudiced by removing the class allegations. But it is important that the court press the lawyers on this and perhaps make a record of their representations.

A. Miller, *An Overview of Federal Class Actions: Past, Present, and Future* (Federal Judicial Center Monograph 1977).

Other courts considering approvals of voluntary dismissals in the pre-class-certification stage have adopted similar inquiries. These decisions focus on the underlying policies of rule 23(e) to glean the relevant considerations to weigh before approving a voluntary dismissal. Particularly persuasive and useful is the Fourth Circuit's analysis:

> In weighing whether to require a certification determination and notice under the foregoing rule, the District Court "should focus primarily on the possibility that the pre-certification compromise is the product of collusion." [*Magana v. Platzer Shipyard, Inc.*, 74 F.R.D. 61, 67 (S.D.Tex.1977).] The rationale for thus giving "less weight" to the possibility of prejudice to absent putative class members in the pre-certification context is that, unlike the situation in a certificated class action, a "pre-certification dismissal does not legally bind absent class members," [*id.* at 69.] and, before certification, the absent putative class member has at best a mere "reliance interest," [Wheeler, *Predismissal Notice and Statutes of Limitations in Federal Class Actions After American Pipe and Construction Co. v. Utah*, 48 S.Cal.L.Rev. 771, 804–07 (1975).] The strength of which will vary with the facts of the particular case. As Professor Wheeler has pointed out, and as the Court in *Magana* underscored, this "reliance interest" is at best "speculative." After all, "no notice to purported class members is required upon the filing of a class action. Therefore, any reliance produced by such a filing arises as a consequence of such person learning of the action through the news media or some other secondary source. The danger of reliance is thus generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety. Also, reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegations." [*Id.* at 804–05.] Because this "reliance interest" is often thought to be so "speculative" as to warrant little or no consideration, [*Magana*, 74 F.R.D. at 70] a court should consider the relevant facts and circumstances in order to determine whether the possible reliance interest of the absent putative class members in the particular case is sufficiently realistic to make necessary class notice. [*See id.* at 70; *Berse v. Berman*, 60 F.R.D. 414, 414–17 (S.D.N.Y.1973)].

*Shelton*, 582 F.2d at 1314–15.

■ Applying these standards, I hold that plaintiff has made a sufficient showing to justify my approval of this rule 41(a)(1) voluntary dismissal. Because no funds are being paid to any member of the proposed

class, absolutely no possibility of any collusive settlement exists. Because there is an identical case pending in the United States District Court for the District of Columbia in which the plaintiffs seek to represent the identical class referred to in plaintiff's complaint in the instant case, I find that no possible prejudice to the absent class members can result from my approval of this dismissal. *See Jack Faucett Associates, Inc. v. American Telephone & Telegraph Co.*, C.A. No. 81–1804 (D.D.C.). Finally, I find that there is little possibility that any of the absent class members have relied on plaintiff's action in the Eastern District of Pennsylvania.

My conclusions in this regard are buttressed by defendants' failure to suggest any potential prejudice to class members from an approval of plaintiff's motion for voluntary dismissal. Indeed, at oral argument, both plaintiff and defendants conceded that the class would be *better off* were this action to be dismissed without prejudice. Plaintiff's position in this regard was based on the ongoing District of Columbia action that would impose duplicative costs of litigation on the class. Defendants, however, argued that the proposed class would be in a better position following dismissal (in fact, that plaintiff was moving for dismissal) because, defendants contend, a recent Third Circuit decision would bar its claim in this jurisdiction. *See Essential Communications Systems, Inc. v. American Telephone & Telegraph Co.*, 610 F.2d 1114 (3d Cir. 1979).

Defendants' entire argument at this point, therefore, is reduced to a position that this "prejudice" to defendants justifies a denial of plaintiff's motion for voluntary dismissal. Although neither the parties nor the court is aware of any court that considered this type of "prejudice" to defendants in a rule 23(e) inquiry, I hold that, even if it is appropriate to take account of this consideration, it is entitled to such insignificant weight that the result in this case remains unchanged. *Cf. Piper Air-*

*craft Co. v. Reyno*, —— U.S. ——, ——, 102 S.Ct. 252, 260, 70 L.Ed.2d 419 (1981) (plaintiff cannot defeat a motion to dismiss on the ground of *forum non conveniens* "merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum"; the "possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry").

### D. *Notice Under Rule 23(e)*

Finally, having held that rule 23(e) does apply in this pre-class-certification motion for voluntary dismissal and that I should approve plaintiff's motion for voluntary dismissal, I must determine the appropriate notice to be given the absent class members. Once again, my inquiry in this regard has been guided by the writings of a distinguished scholar:

The language of Rule 23(e) suggests that both court approval and notice are mandatory on dismissal or compromise of a class suit, and some courts have so held. [*E.g., Rothman v. Gould*, 52 F.R.D. 494, 496 (S.D.N.Y.1971); *Yaffe v. Detroit Steel Corp.*, 50 F.R.D. 481, 482–83 (N.D. Ill.1970).] However, on closer analysis, notice is not mandatory in all instances, but "shall be given to all members of the class in such manner as the court directs." [Fed.R.Civ.P. 23(e).] Broadly interpreted, this language is sufficiently flexible to permit the court to approve a dismissal, but to determine that no notice at all is required, where the dismissal will not result in any prejudice to the class. There is no question that the narrower interpretation, that the rule require[s] mandatory notice to the class in all instances, will effectively enforce the policy of the rule, but it may also cause notice to issue unnecessarily when the spirit of Rule 23 is not violated, or force the court to employ unneeded alternative methods to circumvent the policy.[5]

5. For example, some courts have, on their own motion, denied the motion for class certification in order to escape what was mistakenly viewed as an absolute notice requirement.

Recently, courts have adopted a more enlightened approach, which avoids judicial waste of time and relieves the parties of the expense of notice when it is inappropriate. Each request for dismissal is examined according to its own circumstances, to determine whether it may violate the function of the rule. If neither loss of benefit to the class nor evidence of collusive agreement is present, notice of dismissal is unnecessary.

H. Newberg, *Class Actions* §§ 4950, 4960, at 405–06 (1977). The clear majority of cases confronting this issue agree with Professor Newberg that rule 23(e) does not contain an absolute notice requirement. *E.g., Shelton v. Pargo, Inc.*, 582 F.2d 1298 (4th Cir. 1978); *Magana v. Platzer Shipyard, Inc.*, 74 F.R.D. 61 (S.D.Tex.1977); *Milonas v. Amerada Hess Corp.*, 25 Fed.R. Serv.2d 738 (S.D.N.Y.1977).

█ Applying the teachings of Professor Newberg, and given my holding above that no prejudice to the class will result from approving plaintiff's motion for voluntary dismissal, I hold that no notice to the absent class members is necessary on the facts of this case. Because the policies of rule 23(e) would not be served by ordering notice in this case, it would truly be exalting form over substance to force plaintiff to bear what is in my view a wholly unnecessary burden.

In conclusion, following the detailed inquiry mandated by rule 23(e), I hold that plaintiff is entitled to a rule 41(a)(1) voluntary dismissal. An appropriate Order follows.

*E.g., Beaver Associates v. Cannon*, 59 F.R.D.    508 (S.D.N.Y.1973).