In re PHILLIPS PETROLEUM SECURITIES LITIGATION.

John V. LAWRENCE, Plaintiff,

v.

T. Boone PICKENS, et al., Defendants.

Master File No. Misc. 85–75 MMS.
Civ. A. No. 85–447 MMS.

United States District Court,
D. Delaware.

Feb. 25, 1986.

Joseph A. Rosenthal, of Morris & Rosenthal, Wilmington, Del. (Stephen D. Oestreich, of Wolf, Popper, Ross, Wolf & Jones, New York City, Diane M. Nast, of Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., of counsel), for plaintiffs.

John C. Phillips, Jr., of Phillips & Snyder, P.A., Wilmington, Del. (Stuart M. Widman, and Lawrence H. Eiger, of Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., New York City, R. Bruce McNew, of Greenfield & Chemicles, Haverford, Pa., of counsel), for Irwin, plaintiffs.

David C. McBride, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for Phillips Petroleum Co.

Charles F. Richards, Jr., and William J. Wade, of Richards, Layton & Finger, Wilmington, Del., for Mesa and Pickens, defendants.

Martin P. Tully, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del. (Theodore N. Mirvis, and Paul Vizcarrondo, Jr., of Wachtell, Lipton, Rosen & Katz, New York City, of counsel), for Phillips Director, defendants.

David B. Brown, of Potter, Anderson & Corroon, Wilmington, Del., for Icahn, defendants.

William S. Gee, of Theisen, Lank, Mulford & Goldberg, Wilmington, Del. (David F. Dobbins, of Patterson, Belknap, Webb & Tyler, New York City, of counsel), for Lawrence, plaintiff.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

This case arises out of several class-action lawsuits [1] brought by shareholders of Phillips Petroleum Co. ("Phillips") in connection with separate attempts in December, 1984 by Mesa Petroleum Co. and Carl C. Icahn to take over Phillips. At present before the Court is plaintiff Lawrence's renewed motion for voluntary dismissal pursuant to Rules 41(a)(1)(i) and 23(e) of the Federal Rules of Civil Procedure. For the reasons given below, the Court will grant the motion on the condition that plaintiff Lawrence not refile in any court in the United States a class action incorporating any theory of recovery on the facts as set forth in any of the complaints which found their way to the District of Delaware.

---

1. None of the suits has yet been certified as a class action. In the Third Circuit, an action commenced as a class action is treated as a class action for purposes of Rule 23(e), even if the class has not yet been certified. *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir.) (suit brought as class action should be treated as such for purposes of dismissal or compromise until a full determination that a class action is improper),

*cert. denied,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970). *See also Greenfield v. Villager Indus., Inc.,* 483 F.2d 824, 832 (3d Cir. 1973) (finding no impediment to determining class action for purposes of settlement only) (citing *Ace Heating & Plumbing Co. v. Crane Co.,* 453 F.2d 30 (3d Cir.1971)); *Girsch v. Jepson,* 521 F.2d 153, 155 n. 3 (3d Cir.1975) (citing *Greenfield* with approval).

## FACTS

Following the announcement on December 4, 1984 of a tender offer for common stock of Phillips by Mesa Partners and its affiliates (collectively referred to as "Mesa"), a takeover contest ensued which culminated in an agreement entered into by Phillips and Mesa on December 23, 1984. The agreement provided, *inter alia,* for Phillips to buy back those Phillips shares held by Mesa Partners at not less than $53 per share. A separate agreement was entered into between Phillips and Icahn relating to reimbursement to Icahn for expenses connected with the tender offer.

Three class actions were transferred to this District[2] and two class actions have been brought in this District[3] by Phillips' shareholders against the principals involved in the Phillips-Mesa-Icahn imbroglio.[4] The classes in these complaints consist of purchasers of Phillips stock between various dates in December, 1984.[5] The gravamen of these suits is that the class members bought Phillips stock at a price allegedly artificially inflated based on the expectation that Mesa would go forward with its tender offer for Phillips Petroleum and that Phillips would not buy back shares held by Mesa except on an equal basis for all shareholders. The complaints allege violations of federal securities laws and various common-law counts, based on these facts. These actions are at present all in the discovery stage.

Plaintiff Lawrence on March 13, 1985 filed in the District Court for the Southern District of New York a class action against Mesa and Phillips on behalf of himself and all others similarly situated. The *Lawrence* class consists of purchasers of Phillips stock on December 20 and 21, 1984 and is concededly subsumed within the larger class in *Hudson v. Phillips Petroleum Co.,* C.A. 85–14/85–45.

On July 12, 1985 Judge Knapp of the District Court for the Southern District of New York, on motion of the Mesa and Phillips defendants, ordered the class-action suit filed by the *Lawrence* plaintiff transferred to this Court. Dkt. 20, Misc. 85–75 (D.Del.). Judge Knapp also denied plaintiff Lawrence's motion for voluntary dismissal without prejudice to renewal in this Court. At the time of the transfer, the *Lawrence* plaintiff and the Phillips and Mesa defendants entered into a stipulation providing, *inter alia,* that defendants would not file any answer or responsive pleading or motion for summary judgment pending determination of the *Lawrence* plaintiff's renewed motion for voluntary dismissal before this Court. Stipulation, Dkt. 29, *Lawrence v. Pickens,* 85 Civ. 1989 (WK) (S.D.N.Y.1985).

By order dated August 8, 1985, all the class actions pending in this District were consolidated for pretrial proceedings into one action captioned *In re Phillips Petroleum Securities Litigation,* Misc. 85–75. Included within the order was the *Lawrence* action, which had been transferred to this Court on July 29, 1985.

Plaintiff Lawrence on July 30, 1985 brought before this Court its motion for voluntary dismissal. The *Lawrence* plain-

---

**2.** *Cohen v. Mesa Petroleum Co.,* C.A. 85–537 (D.Del.), was transferred to this Court from the United States District Court for the Northern District of Texas. *Kelly v. Pickens,* C.A. 85–401 (D.Del.), was transferred to this Court from the United States District Court for the Central District of California. Finally, the action which gave rise to this opinion, *Lawrence v. Pickens,* C.A. 85–447 (D.Del.), was transferred from the Southern District of New York.

**3.** Three civil actions, C.A. 85–14 (D.Del. filed Jan. 9, 1985), C.A. 85–45 (D.Del. filed Jan. 17, 1985), and *Irwin v. Douce,* C.A. 85–281 (D.Del. filed May 13, 1985), were filed originally in this Court. The class actions C.A. 85–14 and C.A.

85–45 have been consolidated under the caption *Hudson v. Phillips Petroleum Co.,* C.A. 85–14/85–45. See Dkt. 12 (C.A. 85–14).

The *Irwin* action is a shareholders' derivative suit alleging the Philips directors breached their fiduciary duty by reaching an agreement with Carl Icahn.

**4.** At a later date all actions were consolidated for pretrial purposes.

**5.** In *Hudson v. Phillips Petroleum Co.,* C.A. 85–14/85–45, the class consists of purchasers of Phillips stock from December 5 through December 21, 1984.

tiff has represented that, if dismissed from this action, he intends to pursue a duplicative class action in New York state court based solely on state-law grounds.

All other parties to the consolidated action—the remaining plaintiffs ("the Delaware plaintiffs"), the Phillips defendants, and the Mesa defendants—oppose plaintiff Lawrence's motion for voluntary dismissal, chiefly on the ground that if the motion is granted, Lawrence's duplicative class action will be prejudicial to them. The non-moving parties therefore request the Court either to deny the motion, or to grant the motion on condition that the Lawrence plaintiff not file a duplicative class action elsewhere.[6]

## ANALYSIS

All parties agree Rule 23(e) of the Federal Rules of Civil Procedure governs in part plaintiff's motion for voluntary dismissal. Not surprisingly, the parties disagree as to its application. Plaintiff Lawrence argues his voluntary dismissal should be approved because there is no prejudice to the class members. He contends further that the Court should consider his motion for voluntary dismissal under 41(a)(1) and that consequently the Court should not take into account any potential prejudice to defendants nor attach any conditions to the dismissal. The Delaware plaintiffs oppose the motion to dismiss on the ground that plaintiff Lawrence's proposed duplicative class action will prejudice the class. Defendants Phillips and Mesa argue the Court should consider this motion under 41(a)(2), which allows the Court to take into consideration possible prejudice to defendants should the dismissal be granted.

The first issue to be addressed is whether this motion should be considered under Rule 41(a)(1) or 41(a)(2). Thereafter the Court's duties to the class under Rule 23(e) must be examined.

1. *Whether Rule 41(a)(1) or Rule 41(a)(2) Governs Plaintiff's Motion*

Both the Mesa and Phillips defendants argue that plaintiff Lawrence's motion should be considered under Rule 41(a)(2) and not under Rule 41(a)(1). If Rule 41(a)(2) governs, the prejudice to defendants which might arise if plaintiff Lawrence's motion were granted would become pivotal. As explained below, however, defendants' arguments will be rejected with the consequence that plaintiff Lawrence's motion for voluntary dismissal will be analyzed as governed by Rule 41(a)(1) and Rule 23(e).

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[s]ubject to the provisions of Rule 23(e), ... an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs...." Rule 23(e) of the Federal Rules requires court approval for the dismissal of a class action. Neither Rule 41(a)(1) nor Rule 23(e) imposes on a trial court any obligation to inquire into the prejudice to defendant occasioned by plaintiff's motion for voluntary dismissal.

A voluntary dismissal under Rule 41(a)(2) requires an "order of the court ... upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a). As the court of appeals explained in *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir.1974), the distinction between a motion for voluntary dismissal under 41(a)(1) and 41(a)(2) is that a dismissal under 41(a)(1) is of right, whereas a dismissal under 41(a)(2) is within the discretion of the court. If 41(a)(2) governs, the plaintiff may remove its case from the court only when no other party will be prejudiced. *See id.* (quoting *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir.1951)). Once an answer has been filed or a motion for summary judgment made, it is more likely that the opposing party will be prejudiced by having ex-

<hr>

6. An August 8, 1985 order of this Court prohibits any of the parties from filing duplicative class-action litigation during the pretrial phase of these proceedings.

pended a significant amount of time in preparation for trial, *see id.* (quoting *Ockert, supra*), and dismissal as of right under 41(a)(1) is no longer appropriate. "So viewed, it becomes necessary to decide the presence or extent of any prejudice to the defendant [caused] by the draconian measure of dismissing plaintiff's complaint." *Id.* at 29.

The Mesa defendants argue that because they have filed an answer, *see* Dkts. 14, 27, Misc. 85–75, the *Lawrence* plaintiff is foreclosed from seeking voluntary dismissal under Rule 41(a)(1) and that Lawrence's motion must therefore be considered under Rule 41(a)(2). · The *Lawrence* plaintiff's motion for voluntary dismissal was filed on July 30, 1985. Dkt. 31, *Lawrence v. Pickens,* C.A. 85–447 (D.Del.1985). Mesa filed an answer to the consolidated actions, including the *Lawrence* action, on August 26, 1985. Dkt. 14, *In re Phillips Petroleum Securities Litigation,* Misc. 85–75 (D.Del. 1985), and an amended answer on September 13, 1985. *Id.,* Dkt. 27.

Mesa's argument that the *Lawrence* motion may be considered only under Rule 41(a)(2) ignores the Order and Stipulation entered into between the parties on July 17, 1985 before Judge Knapp of the United States District Court for the Southern District of New York. The stipulation states, in part, that "It is further stipulated and agreed that the defendants herein shall not file any answer or responsive pleading or motion for summary judgment pending determination of the aforesaid motion for voluntary dismissal." The stipulation is signed by counsel for plaintiff Lawrence and for defendants Mesa and Phillips. The stipulation further provided that this Court was not to consolidate the *Lawrence* action into the pending Delaware actions "unless and·until" the Lawrence plaintiff's motion for voluntary dismissal had been adjudicated by this Court.[7]

Neither a stipulation between parties nor an order on a stipulation by a transferor court binds a transferee court in matters of internal administration or its case and docket management. Consequently, this Court, contrary to the express provisions of the stipulation, consolidated the *Lawrence* action with the pending Delaware actions for pretrial purposes. Nevertheless, the stipulation remains valid insofar as it binds the signatory parties. Therefore, for purposes of plaintiff Lawrence's motion for voluntary dismissal, I do not consider Mesa to have filed an answer. Mesa's argument for proceeding under Rule 41(a)(2) thus fails.

The Phillips defendants present an entirely different rationale for proceeding under Rule 41(a)(2). They argue that Rule 41(a)(1) is inapplicable to a voluntary dismissal filed by a class-action plaintiff, since Rule 41(a)(1) is expressly made "subject to" Rule 23(e) governing dismissal of class actions. Citing, *inter alia,* 9 Wright & Miller, *Federal Practice & Procedure* § 2363, at 153 (1971) ("Rule 23(e) bars dismissal of a class action without the approval of the court and Rule 41(a)(1), therefore, is not applicable to a class action."), defendants assert that Rule 41(a)(2) is applicable to a class-action plaintiff's motion for voluntary dismissal. None of the authorities cited by defendants supports the proposition that 41(a)(2) is automatically applicable to motions for dismissal in a class action. To the contrary, the authorities cited by the Phillips defendants address the provision of 41(a)(1) which allows voluntary dismissal by the plaintiff *as of right* when an answer or motion for summary judgment has not been filed. *See Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1306 n. 20 (4th Cir.1978); *Papilsky v. Berndt,* 466 F.2d 251, 257 (2d Cir.), *cert. denied,* 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972). Rule 23(e), to which

---

7. The pertinent provision read:
It is hereby agreed by and between the parties, by their undersigned counsel, that this action, upon transfer to the United States District Court for the District of Delaware, shall not be consolidated into the pending action therein entitled, *Hudson v. Phillips,* 85–014 MMS, unless and until that court adjudicates the motion of plaintiff Lawrence for voluntary dismissal, under Rules 23(e) and 41(a)(1) FRCP.

Rule 41(a)(1) is expressly made subject, plainly takes away a class-action plaintiff's right under Rule 41(a)(1) to voluntary dismissal merely by filing with the court a notice of dismissal. But where the defendant in a class action has not yet filed an answer or a motion for summary judgment, it does not follow that a class-action plaintiff's motion for voluntary dismissal is governed by Rule 41(a)(2).

■ In *Larkin General Hospital, Ltd. v. American Telephone & Telegraph Co.,* 93 F.R.D. 497 (E.D.Pa.1982), defendants sought to have the class-action plaintiff's motion for voluntary dismissal adjudicated under Rule 41(a)(2), despite the fact that defendant had filed neither an answer nor a motion for summary judgment. The court rejected defendants' argument, holding that the class-action plaintiff's motion for voluntary dismissal where no answer or motion for summary judgment had been filed was to be treated as a Rule 41(a)(1) motion. "The language of rule 41(a)(1) expressly states that its provisions are '*subject to*' the provisions of rule 23(e); it does not state that cases within the ambit of rule 23(e) are excluded from the 41(a)(1) treatment." *Larkin,* 93 F.R.D. at 499. Finding this reasoning persuasive, I conclude that a class-action plaintiff's motion for voluntary dismissal where no answer or motion for summary judgment has been filed is governed by both Rule 41(a)(1) and Rule 23(e), but not by Rule 41(a)(2).

Having concluded that plaintiff's motion should be considered under Rules 23(e) and 41(a)(1), the Court's duty is not to resolve the issue whether defendants would be prejudiced by the voluntary dismissal, but rather to make the Rule 23(e) inquiry whether the plaintiff class would be prejudiced by the voluntary dismissal.

### 2. Duty of the Court Under Rule 23(e)

### a. Whether the Court May Impose Conditions on Plaintiff Lawrence's Motion

Although I conclude that Rule 41(a)(1) and Rule 23(e) govern this motion for vol-

untary dismissal, I reject the *Lawrence* plaintiff's contention that this Court has no power under either rule to impose conditions on a voluntary dismissal of a class action for the benefit of the class.

■ Rule 23(e) requires court approval before the dismissal or compromise of a class action. The purpose of Rule 23(e) is to protect the rights of nonparty members of the class with the court acting in a fiduciary capacity for absent class members. *Girsch v. Jepson,* 521 F.2d 153, 157 (3d Cir.1975). *Accord Weinberger v. Kendrick,* 698 F.2d 61, 69 n. 10 (2d Cir.1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); *Simer v. Rios,* 661 F.2d 655, 665 (7th Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982); *Piambino v. Bailey,* 610 F.2d 1306, 1327 (5th Cir.), *cert. denied,* 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980); *Pete v. United Mine Workers of Am. Welfare & Retirement Fund,* 517 F.2d 1275, 1284 n. 36 (D.C.Cir.1975); 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1797, at 226 (1972). In discharging its responsibility under Rule 23(e) a court has the duty and the power to attach conditions to a plaintiff's motion for voluntary dismissal.

The *Lawrence* plaintiff argues otherwise, relying for support chiefly on *Larkin General Hospital, Ltd., v. American Telephone & Telegraph Co.,* 93 F.R.D. 497, 499 (E.D.Pa.1982). The *Larkin* court stated "it is clear that conditions can be imposed only under a voluntary dismissal entered pursuant to Rule 41(a)(2); Rule 41(a)(1) does not authorize me to impose conditions." Despite this broad language, however, *Larkin* is inapposite, for it did not address the factual situation of multiple plaintiffs which is present in the instant case.

Plaintiff in *Larkin* brought an antitrust action on its behalf and as representative of a purported class of telephone users. Before an answer or a motion for summary judgment had been filed by defendant, plaintiff moved for voluntary dismissal pursuant to Rule 41(a)(1). Defendants in *Larkin* requested the court to attach conditions to the order of dismissal in order to

prevent prejudice to defendants. The court rejected this request, since under 41(a)(1) and Rule 23(e) only prejudice to the plaintiff class is to be considered. Thus, the court held that it could not impose conditions *under 41(a)(1)* on behalf of *defendants*. There was in *Larkin* no other plaintiff seeking to represent the class. The *Larkin* court did not have before it and did not address the question whether a court may impose conditions on behalf of the *plaintiff class* when a class-action plaintiff moves for voluntary dismissal under 41(a)(1).

The *Lawrence* plaintiff argues the Court has only the power either to grant a voluntary dismissal exactly as proposed by plaintiff or to reject it—even if granting dismissal subject to conditions would be in the best interest of the class. This position is wrong, for it renders nugatory the power of the Court under Rule 23(e) to act on behalf of the plaintiff class. The Court has the power to impose conditions under Rule 23(e) and Rule 41(a)(1) for the benefit of the plaintiff class.

▌ Attaching a condition prohibiting the filing of a duplicative class action does not limit the right of the *Lawrence* plaintiff to file an individual action to press his claims. While a plaintiff may file an individual lawsuit, he has no right of access to the courts to conduct a class action after having a class action dismissed unconditionally. A class-action plaintiff is bound by its fiduciary obligation to the class members, and is not free to conduct litigation on behalf of the class as if he were an individual plaintiff. *See Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1306 (4th Cir.1978).

### b. Potential Prejudice to Delaware Plaintiffs From Plaintiff Lawrence's Motion

The final question is whether the plaintiff class would be prejudiced by plaintiff Lawrence's motion for voluntary dismissal; and, if it is, the appropriate disposition to

make of the motion. The Delaware plaintiffs object to the *Lawrence* plaintiff withdrawing from the litigation because the *Lawrence* plaintiff intends to file a duplicative class action in New York state court. The Delaware plaintiffs argue that a duplicative class action would prejudice a portion of the class represented by the Delaware plaintiffs.[8]

The potential prejudice to the class from a duplicative class action is readily apparent. Because both class-action plaintiffs would be suing the same defendants, who would have to respond to both suits, delays are inevitable, and delay is itself prejudicial. In addition, the subclass represented by the *Lawrence* plaintiff would receive two sets of notices and would be required to opt out of one or both. This can only engender confusion among the subclass which may also prejudice the members' effective assertion of their rights as class members. The *Lawrence* plaintiff argues that the class members are sophisticated enough to evaluate the merits of the two suits and intelligently choose between them. I am unpersuaded by this bare assertion.

A very practical problem facing the *Lawrence* plaintiff is numerosity. If only a few class members elect to opt out of the Delaware action in order to remain in the *Lawrence* action, a state court might refuse to certify them as a class. Those class members would then be prejudiced since any class-action forum would be denied them, although they wanted to be part of a class.

More importantly, however, allowing an unconditional voluntary dismissal would not be in the best interest of the class. As the Court of Appeals for the Fourth Circuit held,

> the District Court should have both the power and the duty, in view of its supervisory power over and its special responsibility in actions brought as class action in New York state court.

---

**8.** The Delaware plaintiffs take no position on the *Lawrence* plaintiff filing an individual ac-

tions, as set forth in 23(d), to see that the representative party does nothing, whether by way of settlement of his individual claim or otherwise, in derogation of the fiduciary responsibility he has assumed, which will prejudice unfairly the members of the class he seeks to represent.

*Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1306 (4th Cir.1978) (footnote omitted).

The *Lawrence* plaintiff has represented at oral argument that, if his motion for voluntary dismissal is granted, he intends to rely solely on state-law claims in a subsequently filed class action.[9] The possible federal claims of any class members within the *Lawrence* class could thus be raised only in individual actions in federal court. The class members represented by the Delaware plaintiffs, on the other hand, may have all their possible claims—state as well as federal—raised here. The *Lawrence* plaintiff thus could not adequately fulfill his fiduciary duty to represent the best interest of the class by filing state-law claims only.

 There appears to be a further potentially troublesome problem facing the *Lawrence* plaintiff. Ordinarily, class members opt out of a class in order to file individual actions. Here, the subclass represented by the *Lawrence* plaintiff would receive two notices, and would have to opt out of the Delaware action in order to be represented by the *Lawrence* plaintiff. Yet it is far from clear that a state court would certify a class action composed entirely of class members who had opted out of a similar class action in federal court. A court may choose to view a class member's decision to opt out of one class action as a decision to forsake the class-action vehicle entirely in favor of individual litigation. The parties have not briefed this question and I am unaware of any cases on point. Nevertheless, I believe this is a real problem facing a litigant like the *Lawrence* plaintiff who is attempting to push outward the boundary

of class-action litigation. I would be remiss in my duty to the class members simply to allow dismissal, in light of the very real prejudice that would accrue to them were the *Lawrence* plaintiff to file a duplicative class action. To protect the class members, it is necessary to attach to the motion for voluntary dismissal a condition that the plaintiff not refile a duplicative class action arising out of these facts.

## CONCLUSION

Plaintiff Lawrence's motion for voluntary dismissal will be granted on the condition that he not file in any court in the United States a duplicative class action based on the Phillips-Mesa and Phillips-Icahn takeover controversy.

---

9. The *Lawrence* plaintiff is precluded from bringing in state court any federal securities-laws claim based on a violation of the Securities

Exchange Act of 1934, which vests exclusive jurisdiction in the courts of the United States. 15 U.S.C. § 78aa (1982).